**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN CHAPMAN,

    Plaintiff,

vs.                                   Case No. 3:23-cv-657-MMH-LLL

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

**O R D E R**

    **THIS CAUSE** is before the Court sua sponte. Plaintiff initiated the instant action in state court on February 15, 2023, by filing a five count Complaint and Demand for Jury Trial (Doc. 3). Following service, Defendant removed the matter to this Court on June 1, 2023. See Notice of Removal (Doc. 1). Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." In Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit identified four types of "shotgun" pleadings. See Weiland, 792 F.3d at 1321-23. As relevant here, one such type of improper pleading occurs where the drafter "commits the sin of not separating into a different count each cause of action or claim for relief." Id.

at 1322-23 n.13 (collecting cases). Indeed, Rule 10(b), Federal Rules of Civil Procedure (Rule(s)) requires that: "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." See Rule 10(b); see also Anderson v. Dist. Bd. of Trs. of Central Fla. Cmty. College, 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)).

Here, Count One of the Complaint is titled "Disability Discrimination Under the ADAAA and Failure to Accommodate Under the ADAAA" and appears to include two separate causes of action, one premised on disparate treatment and the other on a failure to accommodate. See Complaint ¶ 45. Likewise, although Count Three is titled only "Disability Discrimination Under the FCRA," it includes similar allegations and references a "fail[ure] to accommodate," such that it is unclear whether Count Three is intended to assert disparate treatment, failure to accommodate, or both. See Complaint ¶ 57. Significantly, "a disparate treatment disability discrimination claim is conceptually different than a failure to accommodate claim, and they are essentially inapposite." See Parsons v. First Quality Retail Servs., LLC, No. 5:10-CV-145 (CAR), 2012 WL 174829, at *5 (M.D. Ga. Jan. 20, 2012); see also

Toliver v. City of Jacksonville, 3:15-cv-1010-J-34JRK, 2017 WL 1196637, at *5-6 (M.D. Fla. Mar. 31, 2017). Accordingly, the Court will strike the Complaint and direct Plaintiff to file a corrected complaint that sets forth each of his claims for relief in a separate count. See Anderson, 77 F.3d at 367 n.5 (noting that when faced with a shotgun pleading the district court should sua sponte strike the pleading and direct the plaintiff to file a more definite statement). Specifically, Plaintiff must set forth each claim in a separate count and identify the specific factual allegations on which each claim is based.[1] Accordingly, it is

**ORDERED**:

1. The Complaint (Doc. 3) is **STRICKEN**.

2. Plaintiff shall file a corrected complaint[2] consistent with the directives of this Order on or before **June 20, 2023**. Failure to do so may result in a dismissal of this action.

---

[1] In repleading, Plaintiff is cautioned to avoid the other forms of shotgun pleading identified in Weiland as well, most notably, the shotgun complaint with multiple counts "where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321 & n.11.

[2] The filing of the corrected complaint does not affect any right Plaintiff may have to amend as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1).

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** at Jacksonville, Florida on June 5, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties