UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN CHAPMAN,

    Plaintiff,

vs.

                      Case No. 3:23-cv-657-MMH-LLL

WASTE PRO OF FLORIDA, INC.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Upon review of Plaintiff's Corrected Complaint and Demand for Jury Trial (Doc. 9; Complaint), the Court finds that Plaintiff has failed to properly redact Exhibit B as required by the Federal Rules of Civil Procedure (Rule(s)) and the Administrative Procedures for Electronic Filing in this Court (CM/ECF Admin. P.). Pursuant to Rule 5.2,

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
>     (1) the last four digits of the social-security number and taxpayer-identification number;
>     (2) the year of the individual's birth;
>     (3) the minor's initials; and
>     (4) the last four digits of the financial-account number.

See Rule 5.2(a); see also CM/ECF Admin. P., Part I.  Here, Exhibit B includes Plaintiff's full date of birth in at least two places in direct violation of this Rule. See Complaint, Ex. B at 2.

Significantly, this Court's Administrative Procedures make clear that the obligation to properly redact personal identifiers falls entirely on the filing party.  See CM/ECF Admin. P., Part I, ¶ 1 ("It is the responsibility of every lawyer and pro se litigant to redact personal identifiers before filing any documents with the court.").  Indeed, the Court's Administrative Procedures impose on the filing party the responsibility to verify "that appropriate and effective methods of redaction have been used." Id.  Nevertheless, in this one instance only, rather than strike the document entirely, the Court will direct the Clerk of the Court to redact the personal identifiers in Exhibit B.

While the Court recognizes that redaction errors are generally inadvertent, these errors are not without harm and greater care must be taken to protect personal identifying information before it is filed on the docket. Indeed, in the Court's experience, once a document is filed on the public docket it is almost immediately picked up by legal research services where it may remain available to the public indefinitely.  As such, the Court will direct Plaintiff's counsel to review Rule 5.2 and Part I of the Court's Administrative Procedures and file a notice on the Court docket certifying that:

1) Counsel has read the relevant rules; and

2) Counsel has ensured that "appropriate and effective methods of redaction" will be used for all future filings.

Counsel is cautioned that failure to comply with the redaction rules going forward may warrant sanctions. Accordingly, it is

**ORDERED**:

1. The Clerk of the Court is directed to redact the personal identifier found on page 2 of Exhibit B to the Corrected Complaint (Doc. 9).

2. On or before **June 28, 2023**, Plaintiff's counsel shall file a notice on the Court docket certifying that: 1) counsel has read Rule 5.2 and Part I of the CM/ECF Administrative Procedures, and 2) counsel has ensured that "appropriate and effective methods of redaction" will be used before all future filings.

**DONE AND ORDERED** in Jacksonville, Florida, on June 14, 2023.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties